[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2008
THOMAS K. KAHN
CLERK

No. 07-13973
Non-Argument Calendar

_____

D. C. Docket No. 03-00558-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO P. RIVERA,
a.k.a. Cukie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 4, 2008)**

Before BIRCH, DUBINA  and BARKETT, Circuit Judges.

PER CURIAM:

Alfredo P. Rivera appeals his 63-month sentence following convictions for

conspiracy to possess at least five kilograms of cocaine, 21 U.S.C.

§ 841(b)(1)(A)(ii) and 846, and possession with intent to distribute at least five

kilograms of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2.

On appeal, Rivera argues that the district court imposed a procedurally

unreasonable sentence because it gave the guideline range a presumption of

appropriateness, in violation of Rita v. United States, 551 U.S. __, 127 S.Ct. 2456,

2462, 168 L.Ed.2d 203 (2007), and it failed to consider that the guidelines did not

contemplate the mitigating factors in the case. He also argues that his sentence was

substantively unreasonable because the court relied on the fact that, unlike his co-

defendants, Rivera went to trial, and it imposed a sentence that was greater than

necessary to comply with the purposes of sentencing.

We review the final sentence imposed by the district court for

reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007).

Unreasonableness may be procedural, when the court's procedure does not follow

the requirements of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L .

Ed.2d 621 (2005), or substantive. See Gall v. United States, 552 U.S. __, 128 S.Ct.

586, 597, 169 L.Ed.2d 445 (2007). The U.S. Supreme Court has explained that a

sentence may be procedurally unreasonable if the district court improperly

calculates the guideline imprisonment range, treats the guidelines as mandatory,

2

fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to explain its reasoning adequately. Id. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at 600.

We have reviewed the record and considered the briefs of the parties and find no reversible error. The record demonstrates that the district court correctly calculated the advisory guideline range, considered the sentencing factors set forth in § 3553(a), specifically mentioning the nature and seriousness of the offense, Rivera's personal history and characteristics, and the need to avoid unwanted sentencing disparities, considered the parties' arguments concerning the sentence to be imposed, and sufficiently explained its reasons for imposing the sentence.

In short, Rivera has not established that his sentence of 63 months' imprisonment, which is at is at the low-end of the advisory guideline range, is either procedurally or substantively unreasonable. Therefore, the district court did not abuse its discretion in sentencing Rivera to 63 months' imprisonment.

**AFFIRMED.**